UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. POTTER,<br><br>                    Plaintiff,<br><br>         -against-<br><br>PEOPLE OF THE STATE OF NEW YORK, ET AL.,<br><br>                    Defendants. | 21-CV-5109 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Riverview Correctional Facility, brought this complaint against a justice of the criminal court, three prosecuting attorneys, and "the People of the State of New York." Plaintiff sought leave to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

By order dated June 15, 2021, the Court notified Plaintiff that it appeared that he had already brought three cases while a prisoner that had been dismissed as frivolous, malicious, or for failure to state a claim, and that he was therefore barred under 28 U.S.C. § 1915(g) from bringing a new action IFP while a prisoner. The Court granted Plaintiff an opportunity to show cause why the section 1915(g) bar did not apply. On July 26, 2021, the Court held that the declaration that Plaintiff had filed did not provide any reason to find that he was not barred under section 1915(g). The Court therefore denied Plaintiff leave to proceed IFP and dismissed the action without prejudice.

In the order of dismissal, the Court noted that "Plaintiff may commence a new action by prepaying the filing fee." (ECF 6 at 2, n.2.)[1] After the action under this docket number was

---

[1] The Court further noted that if Plaintiff commenced a new action by prepaying the filing fee, his "complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to

closed, Plaintiff submitted a $402.00 filing fee, which the court clerk received on or about August 24, 2021. Plaintiff thereafter wrote to the Court seeking to proceed with the action and to have the United States Marshals Service serve the summons and complaint.[2] (ECF Nos. 9-12.)

Given Plaintiff's repeated expressions of intent to proceed with this action, as a courtesy to Plaintiff, the Court will treat this matter as if Plaintiff had commenced a new action with prepayment of the filing fee, as he was informed that he could do. Accordingly, the Court directs the Clerk of Court to (1) open a new civil action and docket the complaint (ECF 2 in 21-CV-5109 (LTS)) as the complaint in the new civil action; and (2) apply the $402.00 filing fee, processed by the Court on August 24, 2021 (Receipt Number 465401284983) to the new civil action.

## CONCLUSION

The Court directs the Clerk of Court to (1) open a new civil action and docket the complaint (ECF 2 in 21-CV-5109 (LTS)) as the complaint in the new civil action; and (2) apply the $402.00 filing fee, processed by the Court on August 24, 2021 (Receipt Number 465401284983) to the new civil action.

This action, under docket number 21-CV-5109, remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

dismiss *any* civil rights complaint from a prisoner if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.' 28 U.S.C. § 1915A(b)." (ECF 6 at 2, n.2.)

[2] Litigants who proceed IFP are entitled to assistance from the United States Marshals Service in serving the summons and complaint. Plaintiff is barred, under 28 U.S.C. § 1915(g), from proceeding IFP.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 7, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge