UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD J. POTTER,

           Plaintiff,

-against-

PEOPLE OF THE STATE OF NEW YORK, et al.,

           Defendants.

22-CV-0183 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Riverview Correctional Facility, brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated his rights during his criminal proceedings in New York State Supreme Court, Orange County ("Orange County Supreme Court"). Plaintiff originally filed this action seeking *in forma pauperis* ("IFP") status, but his IFP application was denied because he is barred under the so-called "three-strikes" provision of the IFP statute, that is, 28 U.S.C. § 1915(g). *See Potter v. People of the State of New York*, ECF 1:21-CV-5109, 2 (S.D.N.Y. July 29, 2021). Plaintiff then paid the filing fee, and this new action was opened. (ECF 2.)

    The Court dismisses the complaint for the following reasons.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (noting that

Section "1915A applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee").

## BACKGROUND

### A.     Plaintiff's Claims

This action arises out of Plaintiff's criminal proceedings in Orange County Supreme Court. He names as defendants the individuals who were involved in his criminal proceedings: the prosecuting attorneys – Orange County District Attorney David Hoovler, Assistant District Attorney ("ADA") Janine Kovacs and ADA Robert DeMono ("Prosecuting Attorneys") – and the presiding judge, Orange County Supreme Court Justice Robert Freehill. He also names the People of the State New York. The following facts are taken from the complaint.

On October 20, 2018, Plaintiff was arrested in the City of Port Jervis, Orange County, on the following charges: seventh-degree criminal possession of a controlled substance, third-degree criminal possession of stolen property, and fifth-degree possession of burglary tools ("Port Jervis charges"). He was arraigned on October 20, 2018, and October 22, 2018, and detained at the Orange County Jail.

While Plaintiff was in custody on the Port Jervis charges, the Town of Wallkill Police Department ("WPD") charged Plaintiff on October 22, 2018, with third-degree burglary and third-degree larceny ("Wallkill charges"). Plaintiff was not arraigned on the Wallkill charges "because Wallkill Police Department never filed the accusatory instrument with the local criminal court." (ECF 2, at 5.) The Wallkill charges were instead "added" to the Port Jervis charges, which were considered by a grand jury. (*Id.*)

Plaintiff asserts the following claims: (1) the WPD failed "to file an accusatory instrument with the local criminal court" regarding the Wallkill charges; (2) Plaintiff was never

arraigned on the Wallkill charges; (3) Plaintiff's indictment with respect to the Port Jervis charges is invalid; (4) the Orange County Supreme Court did not have jurisdiction over the Wallkill charges; and (5) Plaintiff was falsely imprisoned.

For relief, Plaintiff seeks money damages.

**B.     Plaintiff's Criminal Proceedings**

According to records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), DOCCS took custody of Plaintiff on December 13, 2019, after Plaintiff's Orange County conviction on four charges: third-degree burglary, third-degree grand larceny, third-degree criminal possession of stolen property, and third-degree attempted burglary. It appears from Plaintiff's allegations that he was convicted of both Port Jervis and Wallkill charges.

New York State court records indicate that Plaintiff's direct appeal is pending. *See People v. Potter*, No. 2020-00282, Ind. 766/2018 (App. Div. 2d Dep't. Nov. 17, 2021) (granting Plaintiff's motion to file a supplemental brief).

**C.     Plaintiff's Litigation History in this Court**

Plaintiff previously filed three actions in this court, all arising from his criminal matter. *See Potter v. Port Jervis Police Dep't*, ECF 1:20-CV-7209, 1 (S.D.N.Y. Dec. 14, 2020) (dismissing complaint for failure to state a claim as precluded under the doctrine of claim preclusion); *Potter v. Port Jervis Police Dep't*, ECF 1:19-CV-10519, 1 (S.D.N.Y. Feb. 3, 2020) (dismissing complaint for failure to state a claim, principally under *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Potter v. Ferrara*, ECF 1:19-CV-2904, 2 (S.D.N.Y. May 29, 2019) (dismissing complaint for failure to state a claim against private defense attorney).

**DISCUSSION**

A.   **Claims against the State of New York**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

B.   **Claims against Justice Freehill**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of

4

jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Justice Freehill acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Justice Freehill for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against this judicial defendant under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915A(b); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**C.     Claims against the Prosecuting Attorneys**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that

ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Here, Plaintiff's claims against the Prosecuting Attorneys are based on actions within the scope of their official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915A(b); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### D.     Claims Seeking to Challenge Conviction

Plaintiff's claims arise from his criminal proceedings and, in essence, are a challenge to those proceedings. This civil action is not the proper vehicle, however, to challenge those proceedings. Plaintiff must rather challenge the validity of his conviction by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, after he exhausts his state court remedies fully. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)). Because Plaintiff's direct appeal is still pending in the Appellate Division, Second Department, the Court declines to construe this submission as a Section 2254 petition. Plaintiff may file such a petition once all available state remedies have been exhausted.

### E.     Leave to Amend Denied

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v.*

6

*Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). A court has inherent power, however, to dismiss without leave to amend or replead in "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Where dismissals are based on a reason set forth in Section 1915A, "[s]uch dismissals must accord the inmate an opportunity to amend the complaint unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation and internal quotation marks omitted).

The Court declines to grant Plaintiff leave to amend because the claims are dismissed as frivolous and because Plaintiff seeks monetary relief from Defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). Thus, granting leave to amend would be futile.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous and because he seeks monetary relief from Defendants who are immune from such relief. *See* 28 U.S.C. § 1915A.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: February 22, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

8